James H. Vernon     SBN 41163
Katherine Vernon Ryan SBN 193324
LAW OFFICES OF JAMES H. VERNON
P.O. Box 410
3223 Crow Canyon Road, Suite 330
San Ramon, California 94583
Telephone: (925) 806-0673
kateryanlaw@yahoo.com

Attorneys for Plaintiff
MANFORD C. FORKNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFORD C. FORKNER,<br><br>        Plaintiff,<br><br>v.<br><br>UNIFUND CCR PARTNERS, an entity of unknown form; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. **C12-03258**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit dent collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Defendant, MANFORD C. FORKNER, is a natural person residing in California.

4. Defendant, UNIFUND CCR PARTNERS ("UNIFUND") is a company doing business in California of collecting consumer debts alleged to be due to another, with its principal place of business located at 10625 Techwoods Circle, Cincinnati, OH 45242.

5. Defendants are all engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 17692a(6), and by the Rosenthal Act, California Civil Code §1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 though 10, inclusive, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venture, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are

ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code § 1788.2(f).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code § 1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. On May 18, 2004, Defendants filed suit in the Superior Court of California, County of Alameda, Case No. WG04156458 (the "ACTION") to collect a debt allegedly owed by Plaintiff to Defendants.

13. In the ACTION, Defendants allege that Plaintiff became indebted to Defendants in the amount of $14,915.38 as of November 4, 2003, of which Plaintiff has no knowledge.

14. The caption in the ACTION states Defendants are an assignee of Citibank Universal Card Svcs., although the ACTION itself does not set forth such allegation of assignment.

15. To the extent Plaintiff's account with Citibank was delinquent, it would have been prior to 1998. The entire action was time-barred, as it was filed past the statute of limitations.

16. Defendants obtained a default judgment against Plaintiff in October 2004 despite their knowledge that they had not served him with a copy of the summons and complaint in the ACTION.

17. At no time from October 2004 to the present time has this default judgment ever appeared on Plaintiff's credit report.  Plaintiff was completely unaware of the ACTION and default judgment until Defendants began garnishing his wages April 30, 2012.

18. Defendants garnished, and continue to garnish, Plaintiff's wages despite their knowledge that they never served him with a copy of the summons and complaint in the ACTION.

19. As a result of the conduct alleged above, Plaintiff suffered, and continues to suffer, great stress and worry.  Plaintiff has been forced to incur attorney fees in connection with Defendant's conduct.

20. Defendants submitted declarations and/or affidavits with false statements in support of their request for a default judgment.

21. As a result of the acts complained of above, Plaintiff suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

22. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

23. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following actions taken against the Plaintiff:

    (a)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the

natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with collection of the alleged debt;

(b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(d) The Defendants violated 15 U.S.C. § 1692e(2)(A) by misstating the status of the debt as implying that the Defendant would prevail in the Action;

(e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(g) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

24. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## VI. SECOND CLAIM FOR RELIEF

### (Against all Defendants for Violation of the Rosenthal Act)

25. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)

26. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code § 1788.15(a) by collecting or attempting to collect a consumer debt by means of judicial proceeding when the Defendant knows that service of process, where essential to the jurisdiction over the debtor of his property, has not been legally effected;

    (b)    The Defendants violated California Civil Code § 1788.17 by failing to comply with the FDCPA as alleged above;

27. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

28. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code § 1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k and California Civil Code §1788.30(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and California Civil Code § 1788.30(b) and § 1788.30(c).

D. For further relief as the Court deems just and proper.

Dated: June 18, 2012

LAW OFFICES OF JAMES H. VERNON

BY: KATHERINE VERNON RYAN
Attorney for Plaintiff
MANFORD C. FORKNER

6

COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  June 18, 2012

                                        KATHERINE VERNON RYAN
                                        Attorney for Plaintiff
                                        MANFORD C. FORKNER

COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)